UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER KRAVCHUCK,

Plaintiff,

v. Case No.: 6:26-cv-02716-ACC-LHP

SAMSUNG ELECTRONICS AMERICA, INC., A NEW YORK CORPORATION; AND T-MOBILE USA, INC., A DELAWARE CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO SPRINT;

Defendants,
_________________________________/

**ORDER**

This cause comes before the Court *sua sponte* on Defendants' Notice of Removal which is insufficient to invoke federal jurisdiction. This case, here on removal, is an action to recover damages after Plaintiff was burned by a cellphone battery. Defendants' Notice of Removal does not contain sufficient evidence to support that the amount in controversy exceeds $75,000, the requisite amount to invoke federal diversity jurisdiction. Defendants will be ordered to show cause why this case should not be dismissed for lack of jurisdiction.

***Subject Matter Jurisdiction Based on Diversity of Citizenship***

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of

the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *Owen Equip. & Recreation Co. v. Kroger*, 437 U.S. 365 (1978).

"Federal courts are courts of limited jurisdiction. A defendant's right to remove an action against it from state to federal court is created and defined by statute, and removal statutes are strictly construed." *King v. Gov't Emp. Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014)[1] (citations omitted). "Consequently, all doubts about the propriety of removal should be resolved in favor of remand." *King*, 579 F. App'x at 800; *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (holding "removal jurisdiction raises significant federalism concerns" and doubt as to "jurisdiction should be resolved in favor of remand to state court").

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter

---

[1] Unpublished opinions of the Eleventh Circuit generally constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6. This opinion, however, summarizes published case law describing the standard.

jurisdiction "at any stage in the litigation." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

***Amount in Controversy***

In cases where the plaintiff has not specified a particular amount of damages, such as this case, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Meehan v. State Farm Mut. Auto. Ins. Co.*, No. 6:15-cv-490, 2015 WL 13567353, at *1 (M.D. Fla. June 2, 2015) (Conway, J.) (citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)); *see also*, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Here, Plaintiff has not specified a particular amount of damages, and it is Defendants' burden not just to assert that the damages exceed $75,000 but to establish that they do.

A personal injury case, such as this one, typically requires already incurred medical expenses to establish the amount in controversy or other non-hypothetical, economic damages. This court has held that future non-economic damages, such as pain and suffering, are insufficient and will not be included in the jurisdictional amount. *Wimunc v. Fam. Dollar Stores of Fla., LLC*, No. 8:20-cv-2004-T-33SPF, 2020 WL 5270672, at *2 (M.D. Fla. Sept. 4, 2020) (refusing to speculate as to pain and suffering when the demand letter provided insufficient detail); *Snead v. AAR Mfg., Inc.*, No. 8:09-cv-1733, 2009 WL 3242013, at *3 (M.D. Fla. Oct. 6, 2009)

(reasoning that speculative guesswork is insufficient to satisfy a defendant's burden). Similarly, a recommended future medical treatment is also insufficient unless the treatment has occurred or actually been scheduled to occur on a date certain. Merely recommended future treatments are too speculative. Accordingly, the hypothetical cost of Plaintiff's potential future treatment will not be considered in the amount in controversy. *Pennington v. Covidien LP*, No. 8:19-cv-273-VMC-AAS, 2019 WL 479473, at *2 (M.D. Fla. Feb. 7, 2019) (declining to include a recommended surgery in the amount in controversy determination where the surgery had not yet occurred or been scheduled and there was no evidence to "confirm that this surgery is necessary"); *Ulrich v. Progressive Express Ins*. Co., No. 8:22-cv-2541, 2022 WL 17336183, at *2 (M.D. Fla. Nov. 30, 2022).

Defendants also rely on a pre-suit demand letter requesting a flat, uncategorized amount of $200,000 to settle this lawsuit. In evaluating demand letters and settlement offers as proof of the amount in controversy, the court must ask whether the letters and offers "merely reflect puffing and posturing, or whether they provide specific information to support the plaintiff's claim for damages and thus offer a reasonable assessment of the value of the claim." *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (citations and internal quotation marks omitted). Defendants have not provided the court with the demand letter, and without more details, the Court cannot

say if this demand letter constitutes the "puffing and posturing" that is insufficient to establish the jurisdictional amount.

Defendants will be required to show cause why this case should not be remanded back to state court, which appears to be the proper forum for this case. Defendants must support their Notice of Removal with non-speculative evidence that the $75,000 amount in controversy is satisfied. If the Court remains in doubt as to jurisdiction of this case, the case must be remanded. *King*, 579 F. App'x at 800; *Univ. of S. Ala.*, 168 F.3d at 411.

Based on the foregoing, it is ordered as follows: Defendants are **ORDERED** to show cause within fourteen (14) days of the date of this Order why this case should not be remanded for failure to adequately plead the requisite amount in controversy to support federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on November 23, 2026.

/s/ Anne C. Conway
Anne C. Conway
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties